UNITED STATES DISTRICT COURT
DISTRICT OF SOUTH CAROLINA

**Alonya D. Smith**, #99274-071        )        C/A No.  **6:07-2024-GRA-WMC**
                                       )
                Petitioner,            )
                                       )
vs.                                    )
                                       )        **Report and Recommendation**
Warden, FPC-Alderson,                  )
                                       )
                Respondent.            )
_____)

Petitioner is a federal prisoner, currently incarcerated at Federal Prison Camp-Alderson,

West Virginia, and files a habeas petition in this district under 28 U.S.C. § 2241.  Petitioner

proceeds *pro se.*

### *Pro Se* Review

Under established local procedure in this judicial district, a careful review has been made

of the *pro se* petition in light of the following precedents: *Haines v. Kerner*, 404 U.S. 519 (1972);

*Nasim v. Warden, Md. House of Corr.*, 64 F.3d 951 (4th Cir. 1995) (*en banc*); *Todd v. Baskerville*,

712 F.2d 70 (4th Cir. 1983). This Court is required to liberally construe *pro se* documents, *Estelle*

*v. Gamble*, 429 U.S. 97 (1976), holding them to a less stringent standard than those drafted by

attorneys, *Hughes v. Rowe*, 449 U.S. 9 (1980)(*per curiam*).  Even under this less stringent

standard, however, the *pro se* petition is subject to summary dismissal.  The mandated liberal

construction afforded to *pro se* pleadings means that if the court can reasonably read the

pleadings to state a valid claim on which the petitioner could prevail, it should do so, but a district

court may not rewrite a petition to include claims that were never presented, *Barnett v. Hargett*,

174 F.3d 1128, 1133 (10th Cir. 1999), or construct the petitioner's legal arguments for him, *Small*

*v. Endicott*, 998 F.2d 411, 417-18 (7th Cir. 1993), or "conjure up questions never squarely presented" to the court, *Beaudett v. City of Hampton*, 775 F.2d 1274, 1278 (4th Cir. 1985).  The requirement of liberal construction does not mean that the court can ignore a clear failure in the pleading to allege facts which set forth a claim currently cognizable in a federal district court. *Weller v. Dep't of Soc. Servs.*, 901 F.2d 387,  (4th Cir. 1990).

Petitioner filed the above-captioned matter while temporarily housed at the Grady County Detention Center in Chickasha, Oklahoma.  The petition names Grady County Detention as the respondent; however, in a letter dated August 13, 2007, Petitioner notifies the Court of her change of address and asks if this changes the respondent in the case.  Indeed, a prisoner's custodian is the proper respondent in a habeas corpus action. *Rumsfeld v. Padilla*, 542 U.S. 426, 434-35 (2004).  Therefore, the proper respondent in this action is the Warden of FPC-Alderson.  Since Grady County Detention is not the proper respondent, the petition should be summarily dismissed as to that respondent, and the Warden of FPC-Alderson should be substituted as the respondent.

The respondent Warden of FPC-Alderson is located in West Virginia.  A § 2241 or a § 2254 petition, whether filed by a state or federal prisoner, must be filed in the judicial district which can acquire *in personam* jurisdiction of a petitioner's warden or other custodian.  *See Braden v. 30th Judicial Circuit Court,*  410 U.S. 484, 494-500 (1973); *Rheuark v. Wade*, 608 F.2d 304, 305 (8th Cir. 1979); *Cox v. Federal Bureau of Prisons*, 643 F.2d 534, 536 & n. 3 (8th Cir. 1981).  Because § 2241 petitions are properly brought only in the Federal District in which the petitioner is incarcerated, *In re Jones*, 226 F.3d 328, 332 (4th Cir. 2000), and because Petitioners' custodian is properly subject to service in the Southern District of West Virginia, this case should be transferred to that court for further processing.

## **Recommendation**

Accordingly, it is recommended that this Court transfer this case to the Southern District

of West Virginia.  Petitioner's attention is directed to the important notice on the next page.


September 13, 2007                                   WILLIAM M. CATOE
Greenville, South Carolina                           UNITED STATES MAGISTRATE JUDGE


3

**Notice of Right to File Objections to Report and Recommendation**

The parties are advised that they may file specific written objections to this Report and Recommendation with the District Court Judge.  Objections must specifically identify the portions of the Report and Recommendation to which objections are made and the basis for such objections.  In the absence of a timely filed objection, a district court need not conduct a de novo review, but instead must "only satisfy itself that there is no clear error on the face of the record in order to accept the recommendation."  *Diamond v. Colonial Life & Acc. Ins. Co.*, 416 F.3d 310 (4th Cir. 2005).

Specific written objections must be filed within ten (10) days of the date of service of this Report and Recommendation.  28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 72(b).  The time calculation of this ten-day period excludes weekends and holidays and provides for an additional three (3) days for filing by mail.  Fed. R. Civ. P. 6(a) & (e).  Filing by mail pursuant to Fed. R. Civ. P. 5 may be accomplished by mailing objections to:

Larry W. Propes, Clerk
United States District Court
P. O. Box 10768
Greenville, South Carolina 29603

**Failure to timely file specific written objections to this Report and Recommendation will result in waiver of the right to appeal from a judgment of the District Court based upon such Recommendation.**  28 U.S.C. § 636(b)(1); *Thomas v. Arn*, 474 U.S. 140 (1985); *United States v. Schronce*, 727 F.2d 91 (4th Cir. 1984); *Wright v. Collins*, 766 F.2d 841 (4th Cir. 1985).