**IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF WEST VIRGINIA
BLUEFIELD DIVISION**

| | | |
|---|---|---|
| **ALONYA D. SMITH,** | ) | |
| | ) | |
| **Petitioner,** | ) | |
| | ) | |
| **v.** | ) | **Civil Action No. 1:07-0724** |
| | ) | |
| **AMBER NELSON,** | ) | |
| **Warden, FPC Alderson,** | ) | |
| | ) | |
| **Respondent.** | ) | |

**PROPOSED FINDINGS AND RECOMMENDATION**

On July 16, 2007, Petitioner, acting *pro se*[1] and then incarcerated at Grady County Detention Center, located in Chickasha, Oklahoma, filed a Petition in the United States District Court for the District of South Carolina seeking relief pursuant to 28 U.S.C. § 2241.[2] (Document No. 1.) Petitioner challenges the BOP's computation of her sentence and her receipt of prior custody credit.[3] (Id.) Petitioner contends that her "federal sentence has been completed" because she is entitled to credit for time spent in custody beginning in January, 2004, and ending in October, 2005. (Id., p. 8.)

---

[1]  Because Plaintiff is acting *pro se*, the documents which she has filed in this case are held to a less stringent standard than if they were prepared by a lawyer and therefore, they are construed liberally. *See Haines v. Kerner*, 404 U.S. 519, 520-21, 92 S.Ct. 594, 30 L.Ed.2d 652 (1972).

[2]  By Order entered on November 6, 2007, (Document Nos. 13 and 14.), the District Court for the District of South Carolina transferred this matter to this District as Petitioner had been transferred to FPC Alderson. The undersigned has substituted Amber Nelson, Warden of FPC Alderson, as the named Respondent in this matter as she was Petitioner's custodian.

[3]  On August 29, 2002, Petitioner pled guilty in the United States District Court for the District of South Carolina to the offense of "Conspiracy to Defraud the United States" in violation of 18 U.S.C. § 371. *United States v. Smith*, Criminal Action No. 0:02-0659 (D.S.C. Dec. 18, 2002), Document Nos. 68, 77, and 78. On December 18, 2002, the District Court sentenced Petitioner to a 21 month term of imprisonment to be followed by a three year term of supervised release. *Id.*, Document Nos. 120 and 124. Petitioner did not appeal her conviction. The Bureau of Prisons' Inmate Locator indicates that Petitioner was released from custody on March 13, 2008.

Specifically, Petitioner alleges as follows:

> As a result of my guilty plea in federal court on 12/18/02, my State probation was revoked. I was given a 5 year sentence, with 18 months credit to run concurrent with my federal sentence. On a 5 year sentence (State) you do approximately 30 months with 18 months credit, that left me to do a year or less.

(Id., p. 5.) Petitioner states that she was "held in the South Carolina Department of Corrections from 5/03 - 5/06." (Id.) Petitioner argues that "[o]n my revocation, I was suppose to be released no later than January, 2004. Which means that I spent an additional 2 years and 4 months in DOS; which was the federal time. No one notified the marshals." (Id.) On December 20, 2007, Petitioner filed an Amended Petition reasserting the above claims. (Document No. 18.) In support of her claim, Petitioner provided a time line summarizing the locations of her incarceration. (Id., p. 2.) Petitioner, therefore, alleges that her federal sentence is complete because the State court ordered that her "federal and State time was run concurrent." (Id., pp. 1 - 2.)

## ANALYSIS

The undersigned finds that Petitioner's Section 2241 Application must be dismissed as moot. Article III, Section 2 of the United States Constitution provides that federal Courts may adjudicate only live cases or controversies. See Lewis v. Continental Bank Corp., 494 U.S. 472, 477, 110 S.Ct. 1249, 1253, 108 L.Ed.2d 400 (1990); Nakell v. Attorney General of North Carolina, 15 F.3d 319, 322 (4th Cir.), cert. denied, 513 U.S. 866, 115 S.Ct. 184, 130 L.Ed.2d 118 (1994). This means that the "litigant must have suffered, or be threatened with, an actual injury traceable to the defendant and likely to be redressed by a favorable judicial decision." Id. In the context of a *habeas corpus* proceeding, the writ "does not act upon the prisoner who seeks relief, but upon the person who holds her in what is alleged to be unlawful custody." Braden v. 30th Judicial Circuit Court of Kentucky, 410 U.S. 484, 494-95, 93 S.Ct. 1123, 1129, 35 L.Ed.2d 443 (1973). In this case, by virtue of

Petitioner's release from custody, the Respondent can no longer provide the requested relief. Consequently, the Court can no longer consider Petitioner's Application under Section 2241.

> An incarcerated convict's (or a parolee's) challenge to the validity of his conviction always satisfies the case-or-controversy requirement, because the incarceration (or the restriction imposed by the terms of the parole) constitutes a concrete injury, caused by the conviction and redressable by invalidation of the conviction. Once the convict's sentence has expired, however, some concrete and continuing injury other than the now-ended incarceration or parole - - some "collateral consequence" of the conviction – must exist if the suit is to be maintained.

Spencer v. Kemna, 523 U.S. 1, 7, 118 S.Ct. 978, 983, 140 L.Ed.2d 43 (1998). Accordingly, Petitioner's claims are rendered moot by virtue of her release from custody and the absence of collateral consequences,[4] and therefore, her Section 2241 Application must be dismissed.[5] See e.g., Alston v. Adams, 178 Fed.Appx. 295, 2006 WL 1194751 (C.A.4 (Va.)); Alvarez v. Conley, 145 Fed.Appx. 428, 2005 WL 2500659 (C.A.4 (W.Va.); Smithhart v. Gutierrez, 2007 WL 2897942 (N.D.W.Va.).

## PROPOSAL AND RECOMMENDATION

Based upon the foregoing, it is therefore respectfully **PROPOSED** that the District Court confirm and accept the foregoing factual findings and legal conclusions and **RECOMMENDED** that the District Court **DISMISS** Petitioner's Application under 28 U.S.C. § 2241 for Writ of Habeas

---

[4] The undersigned notes that Petitioner was released from custody on March 13, 2008, and her term of supervised release subsequently commenced. Even if the BOP improperly denied Petitioner a sentence reduction, "[t]he objectives of supervised release would be unfulfilled if excess prison time were to offset and reduce terms of supervised release." *United States v. Johnson*, 529 U.S. 53, 59, 120 S.Ct. 1114, 1118, 146 L.Ed.2d 39 (2000). Accordingly, assuming that Petitioner is correct and she actually did serve more time in custody than she should have, there would be no collateral consequence as she serves her term of supervised release under 18 U.S.C. § 3624. Petitioner's term of supervised release cannot be reduced.

[5] Furthermore, Petitioner acknowledges that she failed to fully exhaust her administrative remedies prior to filing the instant action. (Document No. 18, p. 2.)

3

Corpus by a Person in State or Federal Custody (Document Nos . 1 and 18.) and **REMOVE** this matter from the Court's docket.

Petitioner is notified that this Proposed Findings and Recommendation is hereby **FILED**, and a copy will be submitted to the Honorable United States District Judge David A. Faber. Pursuant to the provisions of Title 28, United States Code, Section 636(b)(1)(B), Rule 8(b) of the Rules Governing Proceedings in the United States District Courts Under Section 2255 of Title 28, United States Code, and Rule 45(e) of the Federal Rules of Criminal Procedure, Petitioner shall have seventeen days (fourteen days, filing of objections and three days, mailing/service) from the date of filing of these Findings and Recommendation within which to file with the Clerk of this Court, written objections, identifying the portions of the Findings and Recommendation to which objection is made, and the basis of such objection. Extension of this time period may be granted for good cause shown.

Failure to file written objections as set forth above shall constitute a waiver of *de novo* review by the District Court and a waiver of appellate review by the Circuit Court of Appeals. Snyder v. Ridenour, 889 F.2d 1363 (4th Cir. 1989); Thomas v. Arn, 474 U.S. 140, 106 S. Ct. 466, 88 L. Ed. 2d 435 (1985); Wright v. Collins, 766 F.2d 841 (4th Cir. 1985); United States v. Schronce, 727 F.2d 91 (4th Cir. 1984), cert. denied, 467 U.S. 1208, 104 S. Ct. 2395, 81 L. Ed. 2d 352 (1984). Copies of such objections shall be served on opposing parties, District Judge Faber, and this Magistrate Judge.

The Clerk is requested to send a copy of this Proposed Findings and Recommendation to Petitioner, who is acting *pro se*, and counsel of record.

Date: October 5, 2010.

R. Clarke VanDervort
United States Magistrate Judge

4